This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Ronald Rhodes ("Ronald"), appeals the decision of the Summit County Court of Common Pleas granting appellee, Maryann Rhodes' ("Maryann"), Civ.R. 60(B) motion to vacate the judgment. We reverse.
 I.
The trial court granted Maryann a divorce from Ronald on February 20, 1997. The parties' separation agreement provided: "Husband is a plan participant in an IRS account through Mesirow Financial. The parties will execute a Qualified Domestic Relations Order to effectuate a transfer of Two Hundred Forty-Five Thousand Dollars ($245,000.00) to Wife."
Approximately two months after the divorce, Maryann's attorney prepared a Qualified Domestic Relations Order ("QDRO"). Ronald's attorney refused to accept the QDRO as drafted because it contained language that gave Maryann any increase or decrease in her proportion of Ronald's plan until the QDRO took effect. The parties were unable to reach an agreement on this issue and never executed the court ordered QDRO. Ten months after the divorce, Maryann moved for relief from the judgment pursuant to Civ.R. 60(B)(1) and (5).
On September 15, 1998, the trial court held an evidentiary hearing regarding Maryann's motion. Two and a half years later, on March 6, 2001, the trial court granted Maryann's Civ.R. 60(B) motion. The trial court set aside the original section of the Separation Agreement which divided Ronald's pension plan and granted Maryann the original $245,000 plus the increase or decrease in the value of Maryann's proportion of Ronald's plan. The trial court found that Maryann was entitled to the increase or decrease of the amount from April 22, 1997, the date of her attorney's original QDRO draft, until September 24, 1998, the date that Maryann actually received the funds.
This appeal followed. The three assignments of error will be considered out of order for ease of discussion.
 II.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING APPELLEE'S MOTION FOR RELIEF FROM JUDGMENT BASED ON CIVIL RULE 60(B)(4) BECAUSE APPELLEE FAILED TO MEET THE REQUISITE BURDEN OF PROOF.
In his second assignment of error, Ronald argues that the trial erred in granting Maryann's Civ.R. 60(B) motion to vacate the December 29, 1997 judgment. We agree.
To prevail on a motion for relief from judgment pursuant to Civ.R. 60 (B), the movant must establish three requirements: 1) the party has a meritorious defense or claim to present if relief is granted; 2) the party is entitled to relief under one of the grounds stated in Civ.R. 60 (B)(1) through (5); and 3) the motion is made within a reasonable time.G.T.E. Automatic Electric v. A.R.C. Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. All three requirements must be satisfied before a Civ.R. 60(B) motion can be granted. Rose Chevrolet, Inc. v.Adams (1988), 36 Ohio St.3d 17, 20.
The decision as to whether to grant relief from judgment is entrusted to the sound discretion of trial court, and the ruling will not be disturbed on appeal absent a showing of abuse of discretion. Griffey v.Rajan (1987), 33 Ohio St.3d 75, 77. An abuse of discretion connotes more than an error of law or judgment, but implies that the judgment can be characterized as unreasonable, arbitrary or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219.
In the present case, Maryann filed a Civ.R. 60(B) motion to vacate the February 20, 1997 order. Maryann sought relief pursuant to sections (1) and (5). A trial court can grant relief from a judgment under Civ.R. 60(B)(1) for a "mistake, inadvertence, surprise or excusable neglect" and under Civ.R. 60(B)(5) for "any other reason justifying relief from the judgment." On September 15, 1998, the trial court heard evidence regarding these two grounds of Civ.R. 60(B).
After finding that Maryann had properly "request[ed] relief pursuant to Civ.R. 60(B)(4),"[1] the trial court granted Maryann relief from the February 20, 1997 judgment. However, the record reflects that Maryann never moved the court for relief pursuant to section (4) of Civ.R. 60(B). Accordingly, Ronald was denied the opportunity to present evidence in defense of a Civ.R. 60(B)(4) motion before the trial court ruled on the motion.
This court has held that failure to identify which portion of Civ.R. 60(B) is being invoked is fatal to a Civ.R. 60(B) motion because the second prong of GTE is not satisfied. See Sales v. Long (Jan. 22, 1997), Summit App. No. 17825, unreported, at 3. "Neither the responding party nor the court can be expected to divine the [specific] grounds under which the movant seeks relief." Black v. Harris (Dec. 30, 1994), Montgomery App. No. 14583, unreported. The citation of inapplicable grounds, as Ronald did, cannot be deemed any more effective than the citation of no grounds, as the movants in the cited cases did.
We find that the trial court abused its discretion in granting relief to Maryann pursuant to Civ.R. 60(B)(4) two and one half years after she moved the court for relief under Civ.R. 60(B)(1) and (5). Accordingly, Ronald's second assignment of error is sustained.
 III.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING APPELLEE'S MOTION FOR RELIEF FROM JUDGMENT BECAUSE IT WAS NOT TIMELY FILED.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED IN MODIFYING THE PARTIES' AGREEMENT AS TO DIVISION OF PROPERTY TO INCLUDE GAINS OR LOSSES ON APPELLANT'S PENSION AND FINDING THAT APPELLANT'S PENSION INCREASED BY OVER 40% WHEN THE EVIDENCE WAS NOT SUFFICIENT TO ESTABLISH THIS FACT.
Based on our disposition of Ronald's second assignment of error, we need not address his first and third assignments of error.
 IV.
Having sustained Ronald's second assignment of error, we reverse the judgment of the trial court.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
SLABY, J. and WHITMORE, J. concur.
[1] Section (4) provides in pertinent part that a trial court may grant relief if "it is no longer equitable that the judgment should have prospective application[.]"